# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 CR 96 - 1 | **DATE** | 11/19/2003 |
| **CASE TITLE** | USA vs. VINCENT TODD | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies defendant's motions for dismissal or a new trial. Defendant's motion to vacate the conviction is denied. Defendant's motion for dismissal or a new trial on the grounds that agent Amann testified at trial is denied. Defendant's motion for a new trial on the basis that he was not given copies of all transcripts of court proceedings from January to the present, is denied. Defendant's motion to vacate the conviction on medical grounds, is denied. Defendant's motion for release from custody is denied. [86-1]

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 2 5 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 96 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 cr 96 |
| Vs. ) | Judge Ronald A. Guzman |
| ) | |
| Vincent Todd ) | |
| ) | |
| Defendant. ) | |

## ORDER

The Defense Motions appear to ask this Court to vacate his conviction because (1) the government did not timely provide copies of papers allegedly necessary for his defense; (2) the case agent, Robert Amann, Jr., who was present at counsel's table throughout the trial, testified in the government's case even though other witnesses were excluded from the courtroom during the trial; (3) defendant's "request [for] all transcripts of court proceedings from January til present," was denied; and (4) the Court and the prosecution took advantage of the fact that defendant was "a Veteran with multipains and disabilities." Defendant has also moved for his release from custody on the basis of his medical needs. For the reasons stated below, we disagree and deny defendant's motions for dismissal or a new trial.

Defendant's claim that he did not receive copies of papers contained in his carry-on bag is false. Moreover, there is no evidence the papers were necessary for or, indeed, had any relevance whatsoever to a defense against the crime of conviction. On August 4, 2003, the government produced to the defense, copies of all "court papers" contained in defendant's carry-on bag. Further, at the pre-trial conference on October 2, 2003, the defendant again requested copies of all papers contained in the carry-on bag. In spite of the fact that defendant could not establish any connection between the papers and the case at bar whatsoever, the Court ordered the government to copy and produce every single piece of paper in defendant's bag. The government copied and produced all of the papers on October 6, 2003. The papers were hand delivered to the defendant at the Metropolitan Correctional Center and to defendant's stand-by counsel, Gerald Collins. Copies of the papers were also brought to Court by defendant's stand by counsel on October 8, 2003 and were available for inspection by the defendant at that time. Moreover, at no time prior to or during the course of the trial did the defendant claim that he did not receive copies of all papers from his carry-on bag. The documents were produced on more than one occasion, no relevance to the case was ever established and defendant failed to object prior to or during the trial. For all of these reasons the motion to vacate the conviction on this basis is denied.

Defendant also claims that he was prejudiced in some unspecified manner because the case agent was permitted to sit at counsel's table despite the fact that witnesses were otherwise excluded. The case agent, Special Agent Robert Amann, Jr., was present at

counsel's table throughout the trial and assisted the government in the preparation and presentation of the case. The defendant was aware that the government intended to call Special Agent Amann, before the close of the government's case, because his name was on the witness list handed to defendant and to his stand-by counsel. Defendant never objected to or sought to prevent agent Amann from sitting at counsel table. When the government called agent Amann to the witness stand, the defendant did not object. Indeed, at no time during the course of Amann's testimony, or the trial, was this issue raised. Only after the jury returned its verdict of guilty did defendant object to Amann's testimony.

Nor does the law favor the defendant Specifically, under Federal Rule of Evidence 615, a government representative essential to the presentation of the party's cause need not be excluded. In *United States v. Adamo,* 882 F.2d 1218 (7$^{1}$" Cir. 1989) the Seventh Circuit has determined tha Rule 615 "exempt[s agents] from sequestration." *United States v. Berry, 133* F.3d 1020 also holds that the defendant is not entitled to relief on the grounds that the government's case agent was permitted to testify at the end of trial, after sitting at counsel's table throughout the trial, given that rules of evidence permitted such practice and defendant never timely objected to the testimony. For these reasons the Court denies defendant's motion for dismissal or a new trial on the grounds that agent Amann testified at trial.

Defendant's request that the Court provide him with transcripts of the court

proceedings prior to trial has no impact on his conviction, Defendant never convincingly articulated that the transcripts referred to by him have any relevance to the proof of his guilt or to a defense against the charge. All of the transcripts sought by the defendant relate to post-indictment hearings. The only comments contained on the transcripts are remarks and arguments made by lawyers, the judge and sometimes the defendant himself. None of the transcripts contain any witness statements other than arguments made by defendant. Moreover, the transcripts do not contain any *Brady* or *Giglio* information. There is nothing in the Defense Motions that explains how the transcripts could have any evidentiary value or relevance to the issues raised at trial. For these reasons, defendant's motion for a new trial on the basis that he was not given copies of all transcripts of court proceedings from January to the present, is denied.

Defendant's final motion for dismissal, is based on the proposition that the Court and the prosecution took advantage of the fact that he is "a Veteran with multi-pains and disabilities[,]". The record simply does not support this contention. The Court made substantial efforts to accommodate defendant and to insure that defendant received a full and fair trial. Defendant was provided with three Court appointed attorneys all of whom he rejected. In spite of that the Court provided defendant with standby counsel, who was present throughout the trial. Defendant relied upon and consulted with his stand-by counsel numerous times during the course of the trial. Also, defendant was able to conduct cross-examinations as well as the opening and closing statements by himself.

Finally, defendant never made any objections to the trial proceedings on the basis of medical infirmities or other alleged problems none of which were apparent during the trial. For these reasons, defendant's motion to vacate the conviction on medical grounds, is denied.

Finally, defendant continues to argue for release from custody. This motion has been ruled on and denied on at least two prior occasions. The only change since then is that the defendant now stands convicted of the charges against him.. The motion is denied.

**SO ORDERED**  ENTERED: November 19, 2003

Ronald A. Guzman
United States Judge